**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EDWARD PICKLESIMER,
Plaintiff-Appellant,

v.

LEE COX, Individually; REX YATES,

No. 95-1342

In his representative capacity; STATE
OF NORTH CAROLINA; ADMINISTRATIVE
OFFICE OF THE COURTS, Juvenile
Services Division,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Richard L. Voorhees, Chief District Judge.
(CA-93-74-4)

Submitted: March 5, 1996

Decided: March 19, 1996

Before LUTTIG and MOTZ, Circuit Judges, and PHILLIPS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Gary Triggs, C. GARY TRIGGS, P.A., Morganton, North Caro-
lina, for Appellant. Michael F. Easley, Attorney General of North
Carolina, Lars F. Nance, Special Deputy Attorney General, Sharon C.

Wilson, Associate Attorney General, Raleigh, North Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Edward Picklesimer appeals the district court's decision
granting summary judgment to Defendant Lee Cox. Picklesimer's
action alleged violations of 42 U.S.C. § 1983 (1988) and intentional
infliction of emotional distress. Finding no error, we affirm.

From 1989 until 1991, Picklesimer worked under Cox's supervi-
sion as a juvenile court counsellor in the North Carolina Administra-
tive Office of the Courts-Juvenile Services Division. He claimed Cox
made derogatory comments in public and private about his work abili-
ties, gave him unfair performance reviews, and generally planned for
his termination or transfer. Picklesimer complained to Cox's superiors
at least four times about her supervisory failures, administrative inad-
equacies, and personal attacks upon him, but to no avail. Ultimately,
Cox recommended terminating Picklesimer, allegedly because he
withheld cases for review, failed to provide services to juveniles, and
dropped juveniles from supervision without authorization. Instead of
terminating him, though, Cox agreed to transfer Picklesimer to an
office approximately 100 miles from Picklesimer's home. Picklesimer
refused the transfer and quit his job. He claimed this amounted to a
constructive termination in violation of his First Amendment right to
complain about Cox's behavior.

We review a district court's grant of summary judgment de novo.
Foster v. American Home Prods. Corp., 29 F.3d 165, 168 (4th Cir.
1994). To determine whether Picklesimer established a First Amend-
ment claim, we must analyze (1) whether Picklesimer's speech

2

involved an issue of public concern; (2) whether Cox would have fired Picklesimer but for his protected speech; and (3) whether Picklesimer's exercise of free speech is outweighed by the"`countervailing interest of the state in providing the public service [Picklesimer] was hired to provide.'" Hall v. Marion School Dist. No. 2, 31 F.3d 183, 192 (4th Cir. 1994) (quoting Stroman v. Colleton County Sch. Dist., 981 F.2d 152, 156 (4th Cir. 1992)). A court evaluating such a claim must attempt to balance the employee's interest in speaking as a citizen about a matter of public concern with the state's interest as an employer to efficiently provide public service. Connick v. Myers, 461 U.S. 138, 142 (1983) (citing Pickering v. Board of Education, 391 U.S. 563, 568 (1968)).

Picklesimer's claims fails because his speech did not concern a matter of public concern, but only a matter of personal interest. His grievance to Cox's superiors related to Cox's "failure as a supervisor, her inadequacies in administrative duties and her personal attacks on [Picklesimer]." Such complaints do not involve matters of public concern but personal interest, and thus do not establish a claim under the First Amendment. See Connick, 461 U.S. at 154.

Further, Picklesimer failed to establish the intentional infliction of emotional distress. The tort requires offensive conduct so extreme and outrageous that it "`exceeds all bounds usually tolerated by decent society.'" Stanback v. Stanback, 254 S.E.2d 611, 622 (N.C. 1979) (quoting William Prosser, THE LAW OF TORTS, § 12, p. 56 (4th ed. 1971)). While Cox's behavior toward Picklesimer may have been unwarranted or unnecessary, it was not so outrageous as to exceed the bounds of decent society. See Wilson v. Bellamy , 414 S.E.2d 347, 359 (N.C. App.), rev. denied, 418 S.E.2d 668 (N.C. 1992).

Finally, to the extent Picklesimer seeks to appeal the dismissal of the remaining Defendants, he waived appellate review by failing to object to the magistrate judge's report and recommending dismissal of the action as to all Defendants except Cox. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985).

Accordingly, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are ade-

3

quately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED